HOFMANN & SCHWEITZER
*Attorneys for Plaintiff* WILLIAM SMITH
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: (212) 465-8840

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>PENN MARITIME INC., PENN BARGE, INC., JOHN DOE #1 and JOHN DOE #2<br><br>Defendants. | Civil Action No.<br><br>**PLAINTIFF'S COMPLAINT** |

### JURY TRIAL DEMANDED

Plaintiff claims of the defendants damages upon the following causes of action:

### PARTIES AND FACTUAL STATEMENTS

1. Plaintiff, WILLIAM SMITH, is and at all times relevant was a resident of the State of FLORIDA.

2. Plaintiff, WILLIAM SMITH, is, and at all relevant times herein was a Jones Act Seaman as that term has been interpreted under the laws of the United States, and in particular, under the Jones Act, 46 U.S.C. § 30104 et seq.

3. At all times herein mentioned defendant, PENN MARITIME, INC., (hereinafter "Penn Maritime") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, and doing business in the State of New York.

4. At all times herein mentioned defendant Penn Maritime was and is a foreign corporation doing business in the State of New York.

5. At all times herein mentioned defendant, PENN BARGE, INC.,

(hereinafter "Penn Barge") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, and doing business in the State of New York.

6. At all times herein mentioned defendant Penn Barge was and is a foreign corporation doing business in the State of New York.

7. At all times herein mentioned defendant, JOHN DOE #1, (hereinafter "DOE 1") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, and doing business in the State of New York.

8. At all times herein mentioned defendant DOE 1 was and is a foreign corporation doing business in the State of New York.

9. At all times herein mentioned defendant, JOHN DOE # 2, (hereinafter "DOE 2") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, and doing business in the State of New York.

10. At all times herein mentioned defendant Doe 2 was and is a foreign corporation doing business in the State of New York.

11. The jurisdiction of this Court over this Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

12. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., owned the CARIBBEAN, a tank barge (sometimes hereinafter referred to as the "vessel"). The CARIBBEAN is a tank barge bearing Coast Guard Official No.

1027617. Its hailing port is Philadelphia PA.

13. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., possessed the vessel.

14. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., operated the vessel

15. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., controlled the Vessel.

16. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., was the owner *pro hac vice* of the Vessel and/or its bareboat charterer.

17. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., owned the Vessel.

18. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., possessed the Vessel.

19. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., operated the vessel.

20. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., controlled the vessel.

21. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., was the owner *pro hac vice* of the vessel and/or its bareboat charterer.

22. At all times material hereto, and in particular, on May 9, 2011 DOE 1, owned the CARIBBEAN, a tank barge (sometimes hereinafter referred to as the "vessel"). The CARIBBEAN is a tank barge bearing Coast Guard Official No. 1027617. Its hailing port is Philadelphia PA.

23. At all times material hereto, and in particular, on May 9, 2011 DOE 1, possessed the vessel.

24. At all times material hereto, and in particular, on May 9, 2011 DOE 1, operated the vessel

25. At all times material hereto, and in particular, on May 9, 2011 DOE 1, controlled the Vessel.

26. At all times material hereto, and in particular, on May 9, 2011 DOE 1, was the owner *pro hac vice* of the Vessel and/or its bareboat charterer.

27. At all times material hereto, and in particular, on May 9, 2011 DOE 2, owned the CARIBBEAN, a tank barge (sometimes hereinafter referred to as the "vessel"). The CARIBBEAN is a tank barge bearing Coast Guard Official No. 1027617. Its hailing port is Philadelphia PA.

28. At all times material hereto, and in particular, on May 9, 2011 DOE 2, possessed the vessel.

29. At all times material hereto, and in particular, on May 9, 2011 DOE 2, operated the vessel

30. At all times material hereto, and in particular, on May 9, 2011 DOE 2, controlled the Vessel.

31. At all times material hereto, and in particular, on May 9, 2011 DOE 2, was the owner *pro hac vice* of the Vessel and/or its bareboat charterer.

32. The vessel presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

33. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., owned the LUCIA a tug (sometimes hereinafter referred to as the "tug"). The LUCIA is a towing vessel bearing Coast Guard Official No. 1029758. Its hailing port is Philadelphia PA.

34. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., possessed the tug.

35. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., operated the tug.

36. At all times material hereto, and in particular, on May 9, 2011 Penn

Maritime Inc., controlled the tug.

37. At all times material hereto, and in particular, on May 9, 2011 Penn Maritime Inc., was the owner *pro hac vice* of the tug and/or its bareboat charterer.

38. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., owned the tug.

39. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., possessed the tug.

40. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., operated the tug.

41. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., controlled the tug.

42. At all times material hereto, and in particular, on May 9, 2011 Penn Barge Inc., was the owner *pro hac vice* of the tug and/or its bareboat charterer.

43. At all times material hereto, and in particular, on May 9, 2011 DOE 1, owned the LUCIA a tug (sometimes hereinafter referred to as the "tug"). The LUCIA is a towing vessel bearing Coast Guard Official No. 1029758. Its hailing port is Philadelphia PA.

44. At all times material hereto, and in particular, on May 9, 2011 DOE 1, possessed the tug.

45. At all times material hereto, and in particular, on May 9, 2011 DOE 1, operated the tug.

46. At all times material hereto, and in particular, on May 9, 2011 DOE 1, controlled the tug.

47. At all times material hereto, and in particular, on May 9, 2011 DOE 1, was the owner *pro hac vice* of the tug and/or its bareboat charterer.

48. At all times material hereto, and in particular, on May 9, 2011 DOE 2, owned the LUCIA a tug (sometimes hereinafter referred to as the "tug"). The LUCIA is

a towing vessel bearing Coast Guard Official No. 1029758. Its hailing port is Philadelphia PA.

49. At all times material hereto, and in particular, on May 9, 2011 DOE 2, possessed the tug.

50. At all times material hereto, and in particular, on May 9, 2011 DOE 2, operated the tug.

51. At all times material hereto, and in particular, on May 9, 2011 DOE 2, controlled the tug.

52. At all times material hereto, and in particular, on May 9, 2011 DOE 2, was the owner *pro hac vice* of the tug and/or its bareboat charterer.

53. The tug presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

54. On or about May 9, 2011 plaintiff was in the employ of defendant Penn Maritime Inc., as a member of the crew of the vessel and/or tug at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

55. On or about May 9, 2011 plaintiff was in the employ of defendant Penn Barge, Inc., as a member of the crew of the vessel and/or tug at the rate of pay and for the term set forth in his employment contract, and/or the shipping articles, with the entitlement to bonus, found and overtime.

## FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

56. Plaintiff adopts each and every one of the allegations made above as if fully stated herein.

57. On or about May 9, 2011, while the vessel(s) was/were in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the

vessel(s) and the negligence of the defendants, was caused to sustain the serious injuries more specifically set forth hereunder.

58. On or about May 9, 2011 plaintiff, while in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in furtherance of the vessels' owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein. Plaintiff's injuries were caused when he slipped and fell on the barge after a large oil leak thereon.

59. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

60. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel(s), and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

61. Solely by reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessel(s) as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained a right knee injury requiring surgical repair; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

62. By reason of the foregoing, plaintiff claims compensatory damages, and if warranted, punitive damages in amounts to be determined by the trier of fact.

## SECOND CAUSE OF ACTION - UNSEAWORTHINESS

63. Plaintiff adopts each and every one of the allegations made above as if fully stated herein.

64. On or about May 9, 2011 while the vessel(s) was/were in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel(s), for which defendants are jointly and severally liable, was caused to sustain the serious injuries more specifically set forth hereunder.

65. On or about May 9, 2011 plaintiff, while in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in furtherance of the vessels' owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein, due to the unseaworthiness of the vessel(s).

66. The vessel(s) was/were unseaworthy in various aspects, including but not limited to the fact that it was not fit for its intended purposes; the appurtenances to the vessel(s), including ladders, were defective and dangerous; the officers and crew were not sufficient nor equal in competence to the ordinary worker of the calling and such other defects, faults, hazards and unseaworthy conditions as the evidence shall reveal.

67. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

68. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel(s), and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

69. By reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessel(s) as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and

otherwise injured; he sustained a right knee injury requiring surgical repair; he sustained internal injuries, the full extent of which are not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

70. By reason of the foregoing, plaintiff claims compensatory damages and, if warranted, punitive damages in amounts to be determined by the trier of fact.

## THIRD CAUSE OF ACTION - MAINTENANCE AND CURE

71. Plaintiff claims of the defendants maintenance, cure and wages, and if warranted, punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action:

72. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

73. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

74. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid.

75. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

76. All and singular, the premises contained in the third cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, plaintiff prays that judgment be entered against the defendants for compensatory damages and, if warranted, for punitive damages in an amount found by the trier of fact, and for such maintenance, cure, wages and, if warranted, punitive damages as the Court may determine to be due and owing upon the trial of this cause; and for such interest, costs, punitive damages on any of the above causes of action, and counsel fees as the Court may deem just, equitable and proper.

Dated: New York, New York
April 23, 2014

HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*

By: _____
Dario Anthony Chinigo
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: (212) 465-8840